[No. 12508.  In Bank.—December 27, 1888.]

MARIA E. SEPULVEDA, APPELLANT, v. AURELIO W. SEPULVEDA ET AL., RESPONDENTS.

CORRECTION OF MISTAKE IN DEED. — Where two deeds are executed by the same grantor to the same grantee, and the second shows that the first conveyed more than was intended, and the grantee accepts the second deed, and claims under it, a court of equity will direct a reconveyance of what was conveyed by mistake by the first deed. Instance construction of such deeds.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Chapman & Hendrick*, for Appellant.

*Stephen M. White, John Robarts, Bicknell & White*, and *Howard & Robarts*, for Respondents.

HAYNE, C.—Suit to declare a trust and for a conveyance. José Diego Sepulveda died in April, 1869, being then the owner of an undivided one fifth of the Rancho los Palos Verdes, and of the whole of a piece of land on Date Street, in the city of Los Angeles (both of which were community property), and leaving him surviving

the plaintiff, who was the widow, and Aurelio W. Sepul-
veda, who was their son, and certain other children and
grandchildren. The deceased left a will, by which the
plaintiff was given a life estate in all the property, with
remainder in equal shares to the children, but which
made no reference to the community rights of the plain-
tiff. This will was admitted to probate, and plaintiff
qualified as executrix thereof. The administration was
unclosed at the commencement of the suit. In Novem-
ber, 1869, one of the sons died, and the plaintiff inherited
from him an additional interest in the above-mentioned
property. And in December, 1872, another son died,
and the plaintiff inherited from him a still further inter-
est. In November, 1880, she "conveyed to said Aurelio
W. Sepulveda all her right, title, and interest in the said
Rancho Palos Verdes." This deed was introduced in
evidence in a partition suit of the rancho, which was
then pending, and upon it, and the admission of Aurelio
that it was not intended to cut off the life estate of the
plaintiff herein, the court decreed that she had a life
estate in the property, and awarded the fee (subject to
the life estate) to the children. In March, 1882, the
plaintiff made a second deed to Aurelio, by which she
conveyed to him all her right, title, and interest in the
property on Date Street. This deed recited that it was
made in consideration of one dollar, and of the care and
maintenance of the plaintiff. In May, 1884, the plaintiff
made a third deed to Aurelio, by which she conveyed to
him "all her life estate in, as well as her interest, claim,
and estate, in the community property acquired by her
and her deceased husband, José Diego Sepulveda, during
their marriage, in the Rancho Palos Verdes." This deed
recites that it is made in consideration of one dollar, and
in further consideration "that the party of the second
part shall maintain her during her life"; and contains
the following clause: "This deed is made to correct any
misunderstanding that might exist as to the nature of

the interest heretofore conveyed by the said party of the first part to the party of the second part in said rancho; it being understood that the party of the first part intended to then, and by this conveyance does, convey an undivided one-tenth interest in said Palos Verdes, as also a life interest in the remaining one tenth undivided of said rancho. It is further understood that if the party of the second part should die before the party of the first part, then the above-mentioned property shall be given back to the party of the first part."

The plaintiff attacks these deeds for want of consideration and for fraud, alleging in substance that she was old, and ignorant of the laws and of her rights, and reposed confidence in her son, and made the deeds at his request and under his advice for the purpose of enabling him the better to attend to certain litigation and other matters; that she was ignorant of the actual contents of the deeds; and that he fraudulently took advantage of her ignorance, etc. These charges of fraud and want of consideration are completely negatived by the findings. And as the evidence is not brought up, we must take the findings to be true.

The plaintiff contends, however, that even if the deeds are taken to be valid, yet that upon a proper construction they must be held not to intentionally cover the interests in the Rancho Palos Verdes which she inherited from her two deceased children. The first deed, being of all the right, title, and interest in the ranch, was, of course, sufficient to pass the interest which she had theretofore inherited from her said children. The argument is, however, that, so far as the ranch is concerned, the third deed amounts to an admission that it was not the intention to pass the interests mentioned. And we think that this view must be sustained. The deed of 1884 first grants in terms the community interest and the life interest. Then it specifies what these interests were, viz., one tenth of the rancho, and a life

estate in another tenth. If the plaintiff had any com-. munity interest (the doctrine of election being lost sight of), it would be an undivided one tenth. And if she had a life estate, it would (under her theory) be a life estate in one tenth of the rancho. It is clear, therefore, that the deed is confined to the interests which she was supposed to derive in one way or another from her husband. It certainly cannot be construed to apply to the interests which she derived from her children. Now, this deed expressly declares that it was made to correct any misunderstanding that might exist as to the operation of the other deed,—to show what it was "intended to *then* . . . . convey." The parties, therefore, did not intend, by their first deed, to convey anything more than the interests which the plaintiff acquired on her husband's death,—or in other words, the first deed was not intended to pass the interests which plaintiff acquired from her children. Aurelio accepted the deed of 1884, and the defendants expressly aver in their answer that it was made "for the sole purpose and with the intent of correcting and dispelling any doubt, if any existed at the time, as to what she intended to convey and did convey to the defendant, Aurelio W., by the deed of conveyance dated November 1, 1880." And this being the case, he cannot be permitted to fall back on the deed of 1880, or to say that the last deed is not to govern. (*Emeric* v. *Alvarado*, 64 Cal. 587.) There being, therefore, a solemn admission that the first deed did not correctly set forth the intention of the parties, a court of equity will give the necessary relief.

The deed of 1884 being set out in full, its construction is a matter of law; and so far as this branch of the case is concerned, it was not necessary to bring up the evidence.

The learned counsel for the respondents have not argued that the decree in the partition suit is a bar to appellant's claim; and we deem it sufficient to say that

we have considered that question, and do not think that such decree operates as a bar to the claim.

The appellant is, in our opinion, entitled to a decree for a reconveyance of the interests she inherited from her deceased children, and a corresponding portion of the rents and profits.

We therefore advise that the judgment be reversed, and the cause remanded to the court below, with directions to determine, from such additional evidence as may be introduced, what is the appellant's share of the rents and profits, and to render judgment upon the findings in accordance with the principles of this opinion.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded to the court below, with directions to determine, from such additional evidence as may be introduced, what is the appellant's share of the rents and profits, and to render judgment upon the findings in accordance with the principles of the above opinion.