[No. 12281.   Department One. — May 31, 1890.]

## SAMUEL ROSEWARN, APPELLANT, v. WASHINGTON GOLD MINING COMPANY, RESPONDENT.

NEGLIGENCE — PLEADING. — The negligence for which a recovery is sought must be alleged in the complaint. — Instance.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*W. B. Tyler, A. Waitz,* and *R. H. Taylor,* for Appellant.

*Pillsbury & Titus,* for Respondent.

HAYNE, C. — This was an action against the owner of a mine for damages for injuries received from a broken bell-wire while being hoisted up the shaft of the mine. Judgment was given for the defendant, and the plaintiff appeals. The evidence is not brought up, and therefore the findings must be accepted as true.

The negligence set forth in the complaint consists in the use of defective machinery. The allegation is as follows: " That one of said wires *was composed of such poor material* that the same broke on the 2d of October, 1881, at or near the three-hundred-foot level of said mine, and by the negligence and carelessness of said defendants, its agents and servants, *in the selection of said*

*wire,* and in fastening the same to the timbers of said mine at such long distances apart, to wit, *about one hundred feet apart,* that said broken wire became coiled in the middle of said shaft, and while plaintiff was being hauled to the surface of the earth through said shaft, on said 2d of October, 1881, at the close of his day's work, on said bucket, said wire coiled around the right leg of plaintiff just below the knee," whereby he was injured.

It will be seen from this that the complaint set forth two circumstances of negligence, viz.: 1. That there was negligence in the selection of the wire; and 2. That there was negligence in having the fastenings of this wire so far apart as one hundred feet.

Both these charges are negatived by the findings. In relation to the first, the court finds that "there were two bell-ropes, one to each division of the shaft, each composed of three galvanized wires twisted together, *making a wire of suitable size and strength for the purpose,* but with a tendency to twist." If the wire was of suitable size and strength, it could not have been of poor material, and the defendant could not have been guilty of the negligence charged in its selection.

In the second place, the findings negative the allegation that fastenings were one hundred feet apart. The court finds that "the fastenings to the timber were at irregular intervals from fifteen to thirty and even fifty feet apart." And in its conclusions of law it states that the wires were "properly adjusted and fastened to the mine." It is not alleged that from fifteen to thirty and even fifty feet apart was an improper distance for the fastenings; and there is nothing in the record to lead us to suppose that it was.

Thus it appears that the circumstances of negligence charged in the complaint are negatived by the findings; and this being so, and the truth of the findings not being questioned, the judgment must be affirmed, and

the objections made to the findings as to contributory
negligence become immaterial.

We therefore advise that the judgment be affirmed.

Gibson, C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing
opinion, the judgment is affirmed.