[Civ. No. 679. First Appellate District.—August 25, 1909.]

THE PEOPLE ex rel. JOHN P. BROWN, Appellant, v. PACIFIC GROVE HIGH SCHOOL DISTRICT, Respondent.

Quo Warranto Against High School District—Judgment Establishing Legality—Review upon Appeal.—Where, in an action of *quo warranto* against a high school district to establish the illegality of its formation, the judgment declared it to be a *de jure* high school district organized and existing under the laws of the state of California, and an appeal is taken from the judgment-roll without any bill of exceptions, the findings of fact must be regarded as supported by the evidence and absolutely true, and it must be presumed that rulings by the court as to the admission and exclusion of evidence were correct, and the only subject of review is whether or not the findings are consistent, and support the judgment.

Id.—Complaint Alleging Absence of Records and Noncompliance with Law—Findings Establishing Existence, Loss and Compliance.—Where the complaint alleged nonexistence of any record of organization of the high school district defendant, and its noncompliance with law, findings establishing its full compliance with the law in 1896, and the loss of the records, and that for a period of more than ten years it has continuously since claimed to be and has acted as a regularly authorized and organized school district, are conclusive as to the facts.

Id.—Conclusion of Law—Statute Curing all Defects.—The court properly incorporated in its conclusions of law "that if any defect of any kind existed in its organization, such defect was cured by operation of law, and particularly by reason of the provisions of subdivision 11 of section 1671 of the Political Code."

Id.—Power of Legislature to Pass Curative Acts.—The legislature also passed another curative act in March, 1901 (Stats. 1901, p. 299). The legislature possesses the power to pass acts curing the failure of a high school district to comply with the statutory requirements for its formation.

11 Cal. App.—14

APPEAL from a judgment of the Superior Court of Monterey County.   B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

R. H. Willey, for Appellant.

Sargent & Bardin, for Respondent.

COOPER, P. J.—This action was brought by permission of the attorney general to have it adjudged that the defendant is wrongfully and without right exercising the functions of a high school district.   The case was tried before the court and findings filed.   Judgment was entered, declaring defendant to be a *de jure* high school district, organized and existing under the laws of the state of California.   From this judgment plaintiff prosecutes this appeal upon the judgment-roll without a bill of exceptions.   We must therefore, under the well-settled rule, regard the findings of fact as supported by the evidence and absolutely true.   We must also presume that all the rulings of the court upon the trial as to the admission or exclusion of evidence were correct.   Our only duty in such case is to determine whether or not the findings are consistent and support the judgment.

The complaint contains several allegations tending to show that the defendant was not legally organized as a high school district, but the court finds against the plaintiff upon each and every one of such allegations.

It is first alleged that there is not in the office of the school trustees of the· district, or of the superintendent of schools of the county, or of the county clerk, any paper or entry or record of any kind showing that there was ever filed with the superintendent of schools of the county a petition to the board of school trustees of said district requesting that an election be called by the superintendent for the purpose of determining the question of the establishment of a high school in said school district, and on account of the absence of such record it is alleged that no such petition was ever filed or presented to the superintendent of schools.   The court finds that the allegation is true as to the absence of any paper or record entry in the proper office, but further finds "that a

petition was duly and regularly presented to the board of school trustees of said Pacific Grove school district, signed by a majority of the heads of families of said Pacific Grove school district as shown by the last preceding census, during the month of February, 1896, and that the whereabouts of said petition is unknown, and that it is now lost, and that on the twenty-seventh day of February, A. D. 1896, the board of school trustees of Pacific Grove school district petitioned the county superintendent of schools of the county of Monterey, state of California, to call an election in said school district for the determination of the question of the establishment and maintenance of a high school in said school district, and that the whereabouts of said petition is unknown, and that said petition is now lost.''

It is further alleged in the complaint that there is not in the office of the board of trustees or of the county superintendent of schools or of the county clerk of the county any paper, record or entry showing that the county superintendent of schools, within twenty days after receiving such petition, called an election in said school district for the determination of the question as to the establishment and maintenance of a high school in said district, or that the superintendent of schools appointed three qualified electors to conduct such election, or that the election was called by posting notices in five public places in said district, and publishing in a daily or weekly paper and so forth; and it is further alleged that in the absence of such record none of these things were done, that no such notice was given, and that no such qualified electors were appointed; but the court expressly finds ''that within twenty days after receiving such petition of said school trustees, Job Wood, Jr., the duly elected, qualified and acting county superintendent of schools of the county of Monterey, did, to wit, on March 9, A. D. 1896, call said election of April 4, A. D. 1896, in said Pacific Grove school district, for the determination of the question of the establishment and maintenance of a high school therein, and did appoint three qualified electors thereof to conduct said election of April 4, A. D. 1896; that said election of April 4, A. D. 1896, was duly and regularly called by posting notices thereof in five of the most public places in said school district, and by publication in a weekly paper pub-

lished therein for a period of five days immediately preceding said election; that said election of April 4, A. D. 1896, was conducted in the manner prescribed for conducting school elections, and that the same was held in conformity to law; that the ballots used at said election of April 4, 1896, contained the words 'For High School,' and the voters at said election of April 4, A. D. 1896, wrote or printed after said words on his ballot the word 'Yes' or the word 'No'; and that the election officers appointed to conduct said election of April 4, A. D. 1896, duly and regularly reported the result thereof to the said county superintendent of schools within ten days subsequent to the holding thereof, to wit, on the day following said election of April 4, A. D. 1896.'' And in the same manner the court expressly found each and every fact which was necessary to exist in the calling of the election and creating said high school district. The court further found: ''That said defendant claims, and for a period of over ten years has continuously claimed, to be a regularly authorized and organized high school district, created and existing under and by virtue of the laws of the state of California providing for the organization, incorporation and government of high school districts; and for a like period has performed all the acts required by law for the maintenance of a high school and a high school district. That said defendant claims, and since the year 1896 has claimed, to have been duly organized and created by virtue of an election held April 4, A. D. 1896, and also by virtue of another election held on the fourth day of March, 1905, within said Pacific Grove School District, at both of which elections the question of maintaining a high school and a high school district . . . was carried by a majority vote of the electors of said school district.''

In the conclusions of law the court states: ''That if any defect of any kind existed by reason of any defect in its organization, such defect was cured by operation of law, and particularly by reason of the provisions of subdivision 11 of section 1671 of the Political Code of the state of California.'' The section of the Political Code referred to provides as follows: ''All proceedings for the formation and organization of high school districts and the establishment of county, city, city and county, union, joint union and district high schools

had prior to the passage and approval of this act, are hereby validated and declared legal, and said high school districts and high schools are hereby declared to be legally formed, organized and established; and in all cases where high school districts and high schools have heretofore been, or may hereafter be, formed, organized and established, the certificate of the county superintendent mentioned in subdivision 4 of section 1670 of the Political Code when filed with the county clerk, when the result of the election as therein declared is in favor of the establishment of the high school, shall after the expiration of the year from the date of such filing be conclusive evidence that such high school district and high school has been legally established.''

In March, 1901 (Stats. 1901, p. 299), the legislature declared: ''All proceedings for the establishment of high schools heretofore established in incorporated cities are hereby declared legal.'' It was held in *Board of Education* v. *Hyatt,* 152 Cal. 515, [93 Pac. 117], that such curative act was valid, and that the legislature possesses the power to pass curative acts curing failure to comply with statutory requirements in the formation of high school districts.

We conclude that the judgment was correct, and it is hereby affirmed.

Hall, J., and Kerrigan, J., concurred.