[Civ. No. 1527. First Appellate District.—August 26, 1915.]

## TURNER & DAHNKEN, (a Corporation), Respondent, v. JOSEPH BAUER, Appellant.

PLEADING—DEMURRER TO COMPLAINT—AMENDED COMPLAINT—WAIVER OF ERROR.—Where an original complaint is superseded by an amended complaint, error, if any, of the court in not sustaining defendant's demurrer to the original complaint becomes immaterial, and will not be reviewed upon appeal, unless it should appear that the court erred in permitting such amendment for the reason that a new cause of action was sought to be substituted for that set forth in the original complaint, and against which the statute of limitations had run.

ID.—AMENDED COMPLAINT—STATEMENT OF SAME CAUSE OF ACTION.— Where an original complaint counted upon a claim for a certain sum of money alleged to be due as the agreed price of a certain moving picture film service, and an amended complaint counted upon a claim for a lesser sum alleged to be due as the reasonable value of said moving picture film service, no new cause of action was stated by the amended complaint, as the amendment changing the count from one upon an express contract to one on a *quantum meruit,* did not have the effect of substituting a new cause of action.

ID.—FINDINGS—RESPONSIVE TO ISSUES.—It is held in this action that the findings are responsive to the issue presented by the pleadings and that the finding of the trial court that an oral agreement between the parties and one in writing subsequently executed constituted a single transaction, disposes of the contention of the appellant that he should have been allowed a certain offset upon the theory that his default in payments was prior to the written agreement, and that the latter could not be rightfully terminated for failure of the appellant to pay his old bill.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge.

The facts are stated in the opinion of the court.

Henry B. Lister, for Appellant.

Joseph C. Meyerstein, and Asher, Meyerstein & McNutt, for Respondent.

RICHARDS, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff, and is taken upon the judgment-roll alone.

The appellant contends that the court erred in overruling his demurrer to the plaintiff's original complaint. The record discloses that at or after the trial the original complaint was superseded by an amended complaint, filed by permission of the court in order to conform the plaintiff's pleading to the proofs in the case. This being so the error, if any, of the court in not sustaining the defendant's demurrer to the original complaint became immaterial, and will not be reviewed upon this appeal, unless it should also appear that the court erred in permitting such amendment for the reason that a new cause of action was sought to be substituted for that set forth in the original complaint and against which the statute of limitations had run. An inspection of the record satisfies us that no new cause of action was embraced within the amended complaint. The original complaint counted upon a claim for the sum of $684.85, alleged to be due as the agreed price of a certain moving picture film service, alleged to have been furnished by plaintiff to the defendant at his special instance and request, and which said sum he promised to pay to plaintiff on demand. The amended complaint counted upon a claim for the sum of $496.95, alleged to be due as the reasonable value of said moving picture film service supplied by plaintiff to defendant at the latter's special instance and request. It is evident that said counts refer to the same transaction; and our courts have held frequently since the early case of *Cox* v. *McLaughlin*, 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100], that an amendment which changes the count from one upon an express contract to one upon *quantum meruit* does not substitute a new cause of action.

As to the appellant's contention that the amended complaint fails to state a cause of action, we think it without merit.

The appellant's next contention is that the findings of the court are not responsive to the issues presented either by the original or amended pleadings. Our only recourse for the facts of the case is to the findings since this is an appeal upon the judgment-roll alone. By reference to these it fairly appears that on May 1, 1911, the plaintiff and the defendant made an oral agreement, by which the plaintiff agreed to

furnish a certain moving picture film service for a specified weekly sum but for an indefinite period, and at once began doing so. In the month of June the defendant requested a confirmation in writing of the preceding oral agreement, whereupon the plaintiff wrote him a letter expressing the terms of the former oral agreement, but further providing that it should exist for the term of one year. The court finds these two agreements to be substantially one and the same contract; and further finds that the film service thereunder was discontinued because of the failure of the defendant to keep up his weekly payments as provided therein. The court further finds that the defendant was damaged in the sum of two hundred dollars by the plaintiff's action in discontinuing the service. The appellant urges that he should have been allowed this offset upon the theory that the default in his payments was prior to the written agreement in June, and that the latter could not be rightfully terminated for the failure of the defendant to pay his old bill. This contention, however, is disposed of by the court's finding that the transaction was single, and that the writing of June did not constitute a new agreement.

Several other matters are discussed in the briefs, which cannot be considered upon an appeal upon the judgment-roll alone and without any of the evidence before us.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 25, 1915.