[L. A. No. 5271.   In Bank.—October 1, 1920.]

LOUIS ZECHIEL, a Minor, by CHAS. H. ZECHIEL, His Guardian Ad Litem, Appellant, v. LOS ANGELES GAS & ELECTRIC CORPORATION (a Corporation), Respondent.

[1] NEGLIGENCE—PERSONAL INJURIES TO INFANT—COLLISION WITH AUTOTRUCK—WARNING OF APPROACH—INCONSISTENT FINDINGS.— In an action for personal injuries sustained by an infant in a collision with an autotruck while proceeding on his tricycle to cross a city street, a finding that the injuries were proximately caused by the negligence of the defendant in backing its truck without giving sufficient warning of its approach, and a finding that the infant was guilty of contributory negligence because the noise and visibility of the truck were such as to give sufficient warning of the approach, are clearly inconsistent.

[2] ID.—MANNER OF COLLISION—CONTRADICTORY FINDINGS.—In such action, a finding that the infant rode his tricycle down a driveway and into the street and under and against defendant's truck is

---

1. Liability for collision of automobile with bicycle, note, 28 L. R. A. (N. S.) 944.

Reciprocal duty of driver of automobile and children in street, note, L. R. A. 1918A, 255.

Liability for injury by automobile while being backed, note, 2 A. L. R. 1499.

prejudicially conflicting with a finding that the truck was backed across the street and collided with the infant.

[3] Id.—Contributory Negligence—Contradictory Probative Facts. In an action for personal injuries, the ultimate fact of contributory negligence cannot be upheld upon contradictory findings as to probative facts.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

F. McD. Spencer for Appellant.

Paul Overton, Wm. A. Cheney, J. H. Powell, S. W. Guthrie and Herbert J. Goudge for Respondent.

SLOANE, J.—This is an action by an infant through his guardian *ad litem* to recover damages sustained by being run into by an autotruck belonging to and operated by defendant. The infant, a boy four and one-half years of age and crippled by the loss of both legs from about the knee down, was riding a tricycle propelled by his hands, his accustomed mode of locomotion. He was in the yard of a house occupied by his grandmother, and was proceeding on his tricycle to enter upon and cross the street toward the home of his own parents nearly opposite. The truck of defendant, which had been standing at the curb at a point on the side of the street from which the child started to cross, commenced to back along the curb and then out into the street, and the child, without heeding the movement of the machine, ran his tricycle into the street and was run over by defendant's truck and suffered the injuries complained of. The appeal is by the plaintiff from a judgment by the court in favor of defendant and is upon the judgment-roll.

The only controverted question in this case arises under the finding of the trial court that the infant plaintiff was guilty of contributory negligence in riding his tricycle from the adjacent yard out on the street in the path of defendant's autotruck, which was at the time being propelled backward from a position near the curb of the sidewalk.

The court found "that the said truck then and there collided violently with plaintiff and his tricycle, which latter the said minor, Louis Zechiel, had brought to a stop at a

point several feet before reaching the middle of the street, and thereby caused plaintiff certain bodily injuries and damaged plaintiff's tricycle. . . . That said collision and accident and injuries to plaintiff were caused proximately by the negligence of the defendant in backing said autotruck away from said northerly curb in a westerly and southerly direction in crossing the street, and by the negligence and carelessness of defendant in backing and propelling said auto truck without giving sufficient warning of the approach of said truck to plaintiff, and without looking to ascertain the presence of plaintiff in the street or at or near the path of said truck, and propelling said truck against said tricycle of Louis Zechiel, and by no other negligence on the part of the defendant.''

''The court further finds that the said injuries received by plaintiff were caused by his own fault, carelessness, and negligence, in this: That on said ninth day of April, 1915, at the time said truck of defendant was standing on said East 50th Street and preparing to back, the plaintiff, seated on said tricycle, was in the yard of a house abutting the south side of said street and almost directly opposite the position of said truck thereon, being the house and yard of Mrs. Walper, his grandmother; that after defendant's employee had started to back said truck plaintiff suddenly and without giving any warning to defendant, and without giving defendant any opportunity to stop said truck and to avoid said accident, ran down the private driveway of the premises upon which said tricycle was standing, into the street and under and against the defendant's truck, without using any care to avoid striking defendant's truck; that at the time said defendant started the motor of said truck the same made a loud noise which could have been heard plainly by plaintiff, and that all the time said defendant was backing said truck the same could have been seen by plaintiff, and it was making sufficient noises to have been heard by plaintiff; that at no time while defendant was backing said truck was it moving at a greater speed than four miles an hour; that the speed of said tricycle while moving was slower than that of said truck; that it was carelessness and negligence on the part of plaintiff to run into said street on said tricycle and in the path of said truck when such notice and warning of its approach had been and was being given; that

said fault, carelessness, and negligence on the part of plaintiff contributed directly and proximately to his said injuries."

It is contended by appellant that the findings are inconsistent and for that reason insufficient to support the judgment.

It will be observed that the court first finds that the injuries to the child were proximately caused by negligence of the defendant in backing its autotruck "without giving sufficient warning of its approach and without looking to ascertain the presence of the plaintiff in the street or at or near the path of said truck, and propelling said 'truck against said tricycle of Louis Zechiel." It is also found "that said truck then and there collided violently with plaintiff and his tricycle."

On the other hand, the court finds that the infant plaintiff was guilty of contributory negligence for the following express reasons: "That after defendant's employee started to back said truck plaintiff suddenly and without giving any warning to defendant, and without giving defendant any opportunity to stop said truck and to avoid said accident, ran down the private driveway of the premises upon which the said tricycle was standing into the street and under and against the defendant's truck. . . . That at the time the defendant started the motor of said truck the same made a loud noise which could have been heard plainly by plaintiff, and that all the time said defendant was backing said truck the same could have been seen by plaintiff and it was making sufficient noise to be heard by plaintiff."

Clearly, the court predicates the alleged contributory negligence of this child upon the stated facts that the noise and movement of the truck were such as to give plaintiff sufficient warning of its approach in his direction.

But the court had already previously found that it was the negligence of the defendant in "not giving sufficient warning of its approach" that proximately caused the accident.

[1] These findings are clearly inconsistent. If the noise and visibility of the autotruck were sufficient warning of its approach, then the defendant by reason of failure to give further warning was not guilty of negligence proximately causing the injury. (*Herzig* v. *Sandberg*, 54 Mont. 538,

[172 Pac. 173]; *Van Dyke* v. *Johnson,* 82 Wash. 377, [144 Pac. 540]; *Schultz* v. *Starr,* 180 Iowa, 1319, [164 N. W. 163, 165]; *Prebe* v. *Crandall* (Mo. App.), 187 S. W. 605.)

In other words, they could not both be guilty of culpable negligence in this particular. If the movement and noise of the machine were sufficient to give the plaintiff notice of his danger, no obligation rested on the defendant to give further warning and his failure to do so was not actionable negligence. On the other hand, if, as the court has found, the accident occurred by reason of negligent failure of the defendant to give sufficient warning, it must follow that the movement and noise of the machine did not, and were not sufficient to warn the plaintiff of his danger, and he could not be guilty of negligence in failing to observe or heed the same.

Then again, the court has found as further ground of the plaintiff's contributory negligence that he ''rode his tricycle down the driveway and into the street and under and against the defendant's truck.''

[2] This is certainly a different and prejudicially conflicting finding from the other finding that the said truck was backed ''across said street in a westerly and southerly direction,'' and ''then and there collided violently with plaintiff and his tricycle, which latter the said minor, Louis Zechiel, had brought to a stop at a point several feet before reaching the middle of the street,'' and that defendant ''propelled said truck against said tricycle.'' It may well follow that the court's conclusion of contributory negligence is based on the finding that plaintiff ran his tricycle ''into the street and under and against defendant's truck,'' a finding radically at variance with the other findings that the defendant backed and propelled said truck against said tricycle, and collided violently with plaintiff and his tricycle which had already been brought to a stop near the middle of the street.

[3] We think the ultimate fact of contributory negligence as declared by the court cannot be upheld upon these contradictory findings as to the probative facts. If the case rested upon the ultimate finding of contributory negligence in express terms, it might well be argued that in the absence of a transcript of the testimony it must be presumed that there was sufficient evidence to sustain the finding, but here

the trial court has explicitly set forth the probative facts upon which it relies to establish contributory negligence. The language used is: "That the said injuries received by plaintiff were caused by his own fault, carelessness, and negligence, in this"; and then follows a statement of the specific facts alleged to constitute the negligence, facts which are in plain conflict with other facts in evidence elsewhere found by the court.

Under such circumstances the ultimate declaration of contributory negligence is no more than a conclusion of law deduced from the facts found, and cannot stand unless logically and legally deducible from such specific findings.

In view of these conditions it is unnecessary to determine whether contributory negligence can be attributed to an infant of four and one-half years of age under the circumstances here shown. Even in the absence of the findings in conflict with those relied on to prove such contributory negligence it might well be questioned if the plaintiff, a mere baby, should not be held *non sui juris* as a matter of law. Presumptively, at least, a child of such tender years could not be held accountable under these conditions. It would require an unusual degree of observation and comprehension to impress upon the consciousness of a child of such tender years that this autotruck was reversing its usual mode of progress and was starting to move backward. The circumstances at least are such as to emphasize the importance of the conflict in the findings in reviewing the conclusions of the trial court.

It was found definitely in this case that the parents and custodian of the child were free from negligence, so that the question of imputed negligence is not involved in this appeal.

The judgment is reversed.

Wilbur, J., Lawlor, J., Lennon, J., and Angellotti, C. J., concurred.