[Civ. No. 6543. Third Dist.—June 30, 1941.]

CALIFORNIA EMPLOYMENT COMMISSION, Appellant, v. ARROW MILL COMPANY (a Corporation), Respondent.

Earl Warren, Attorney General, John J. Dailey and Albert F. Zangerle, Deputies Attorney General, and Maurice P. McCaffrey for Appellant.

T. F. Peterson for Respondent.

TUTTLE, J.—This action was brought to recover the sum of $669.61, and interest, on account of taxes due under Unemployment Insurance Act, Stats. 1935, chap. 352 [Deering's Gen. Laws, 1937, Act 8780d].   Findings and judgment were

in favor of defendants. Plaintiff appeals from the judgment roll alone.

The defendant, Arrow Mill Company, is a corporation organized and existing under and by virtue of the laws of the State of Illinois, having its principal place of business in the city of Chicago, county of Cook, State of Illinois. On or about August 16, 1937, the corporation, having been authorized to do business within the State of California, opened a branch office in the city of Eureka, county of Humboldt, and from that date continuously employed workers in this state. For eighteen weeks and no more prior to January 1, 1938, the corporation employed four or more workers for at least one day a week in and about its branch office in Eureka.

The above mentioned act provided in section 9 thereof—(quoting the pertinent portion thereof):

"(2) All the parties specified and not excluded in paragraph 1 of this subdivision having the following record: As to such party, *on each of some thirteen days during the calendar year, each day being in a different calendar week,* the total number of individuals who were in his employ for some portion of the day, whether or not at the same moment of time, was four or more. There shall be included in computing the persons thus employed by the employer, all persons thus employed and all of any several places of employment maintained by the employer, except that where some of such persons are employed within the state and others are employed without the state, the tax levied by this Act shall apply only as to such employees employed within the state, or the greater part of the work of which is performed within the state." (Italics ours.)

On August 27, 1937, an amendment to said section became effective. It defines those subject to the payment of a tax as follows:

"(a) Any employing unit which for some portion of a day, but not necessarily simultaneously, *in each of twenty different weeks,* whether or not such weeks are or were consecutive, has within the current calendar year, or had within the preceding calendar year in employment four or more individuals, irrespective of whether the same individuals are or were employed in each such day; provided, that prior to January 1, 1938, employer means any employing unit which for some portion of a day, but not necessarily simultaneously, in each

of twenty different weeks, whether or not such weeks are or were consecutive, has within the current calendar year or had within the preceding calendar year in employment eight or more individuals, irrespective of whether the same individuals are or were employed in each such day; * * * '' (Italics ours.)

As the appeal is taken on the judgment roll alone, the following general rules govern the scope of our inquiry:

It is elementary to say that in an appeal upon the judgment roll alone, it is conclusively presumed that the evidence adduced before the trial court is sufficient to sustain the findings of fact. (*Sepulveda* v. *Sepulveda*, 77 Cal. 605 [20 Pac. 145]; *Rosewarn* v. *Washington Gold Mining Co.*, 84 Cal. 219 [23 Pac. 1035]; *Woodmen of World* v. *Rutledge*, 133 Cal. 640 [65 Pac. 1105].) Upon appeal on the judgment roll, the only subject of review is whether or not the findings are consistent, and support the judgment. (*People* v. *Pacific Grove High School District*, 11 Cal. App. 209 [104 Pac. 586]; *O'Connell* v. *Behan*, 19 Cal. App. 111 [124 Pac. 1038].) Where an appeal is upon the judgment roll alone, the only recourse of the appellate court for the facts of the case is to the findings. (*Turner & Dahnken* v. *Bauer*, 28 Cal. App. 311 [152 Pac. 308].)

It is the contention of plaintiff that section 9 of the original act mentioned was in force during the entire year of 1937. If this be the law, then the facts found show that defendant is subject to the tax. On the other hand, defendant and respondent contends that the said amendment to the act applied to it only upon and after the effective date thereof—August 27, 1937. If this be the law, then no tax is due, as the findings show that, at no time during said year, was it an employer according to the terms of said amendment.

While the findings do not indicate the precise date when respondent commenced to do business in this state, they do state that it was operating for "eighteen weeks and no more next preceding the first day of January 1, 1938." Respondent states that it commenced business on August 16, 1938, and appellant also uses that date. We will accept this construction of the findings. It thus appears that respondent was engaged in business some *eleven days* prior to the time when the amendment went into effect.

■ It is the general rule that ''An amendment of an act operates as a repeal of its provisions to the extent that they are changed by, and rendered repugnant to, the amendatory Act.'' (25 R. C. L. 923, § 173.) The repugnancy between the original act and the amendment consists in the fact that in the former the tax is computed upon the basis and theory that the employer must be engaged in business for at least *thirteen* weeks before he is subject to the tax, while in the latter, such period is fixed at *twenty* weeks. There is no method of computation fixed for a shorter period in each case, hence it must be assumed that the legislature did not intend to impose a tax upon the pay roll where the employer had not been engaged in business less than thirteen weeks in the one case, and twenty weeks in the other.

■ It is also the general rule that:

''The repeal, without a saving clause or provision, of a statute imposing a license tax or fee takes away the right to collect an unpaid tax which is due even though a suit to collect the tax is pending. By the repeal of statutes which authorize the making of assessments and the collection thereof, not only the remedy for the collection of an assessment but also the lien or right is taken away, although expenses have been incurred on the faith of such assessment. And nothing less than a plain exception of existing cases or claims from the operation of the repealing act or a continuance of the same system of taxation under new regulations will save such cases or claims from the effect of the repeal.'' (25 R. C. L. 940, § 193.)

■ Appellant relies upon certain cases in this state dealing with inheritance taxes, such as *Estate of Stanford,* 126 Cal. 112 [54 Pac. 259, 58 Pac. 462, 45 L. R. A. 788], and *Trippet* v. *State,* 149 Cal. 521 [86 Pac. 1084, 8 L. R. A. (N. S.) 1210]. Taking the latter as typical of the others, it appears that Jacob Gruendike died April 8, 1905. An amendment to the Collateral Inheritance Tax Law (Stats. 1893, p. 193) went into effect on July 1, 1905. Said act provided at all times (section 4), that all taxes imposed by the act should be ''due and payable at the *death of the decedent.*'' The question to be decided was whether the tax should be imposed under the said act as it read at the time of death, or at the time when the said amendment became effective. The court held that at the time of death, the right of the state to the

tax had become a vested one, and that the subsequent amendment had no application to the situation. The court quoted the section of the act mentioned above, and based its conclusions upon the fact that the law expressly provided for such vesting. No authority has been called to our attention, covering the general subject of taxation, which holds that the state has a vested right to a tax where such right has not *accrued*. Here, respondent had only been in business for eleven days. No right to a tax arose until after respondent had been conducting its business for at least thirteen weeks. The authorities mentioned are therefore not in point.

It may be pointed out that it would have been a simple matter for the legislature to have inserted a "saving clause" in said amendment, and provided that, as to those who were in business prior to August 27, 1937, the original act was still in force. It is not contended by appellant that *any tax whatever* could be imposed upon one who commenced business after August 27, 1937. As to them, there could be no argument based upon vested rights, and there were not twenty weeks remaining in the taxable year.

█ Appellant contends that, irrespective of the foregoing, respondent came under the provisions of the act by virtue of subdivision (a) of section 9 of the original act, which provides:

" 'Employer' means: (a) Every individual, trust, or estate, partnership, association, joint stock company or corporation, subject to a pay roll tax levied by the United States government, if the tax levied by this Act, or any portion thereof, may be credited against such pay roll tax."

The point is without merit, as the findings of the court are directly to the contrary. It was found that respondent, while it paid the federal tax, was not given credit by the state for such payment. Appellant argues that it has construed the act in question to the effect that an employer subject to a pay roll tax under Title IX of the Social Security Act was also subject to the contributory provisions of the Unemployment Reserves Act for the years 1936 and 1937 if it had one or more workers in California, and that the amendments of 1937 to section 9 did not have the effect of destroying a liability already vested. The answer is that the findings make no mention of such rulings. They are not before us in any form. Furthermore, as

appellant's authorities show, such rulings are matters of evidence for the consideration of the trial court, and are not controlling.

We do not consider it necessary to discuss estoppel against the state, which is urged by respondent.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing was denied July 30, 1941.