[L.A. No. 30608. Jan. 6, 1977.]

GOVERNING BOARD OF RIALTO UNIFIED SCHOOL
DISTRICT, Plaintiff and Respondent, v.
THOMAS R. MANN, Defendant and Appellant.

**COUNSEL**

Robert Mann for Defendant and Appellant.

Paul D. Powers, Hathaway, Clabaugh, Perrett & Webster, Ephraim Margolin, Nicholas Arguimbau, Mark I. Soler, Treuhaft, Walker, Brown & Cooper, Jonathan R. Adler, Peter H. Meyers, Blease, Vanderlaan & Rothschild and Michael Rothschild as Amici Curiae on behalf of Defendant and Appellant.

Stanford D. Herlick, County Counsel, and Craig S. Jordan, Deputy County Counsel, for Plaintiff and Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom, and Pat Zaharopoulos, Deputy Attorneys General, as Amici Curiae on behalf of Plaintiff and Respondent.

**OPINION**

**TOBRINER, J.**—In 1971, defendant Thomas Mann, a tenured certificated teacher employed by plaintiff Rialto Unified School District, pled guilty to a charge of possession of marijuana arising out of his use and possession of a small quantity of that substance in his private residence. Shortly thereafter, the school district filed the instant proceeding, seeking a judicial determination that defendant's marijuana conviction constituted sufficient grounds for dismissal under Education Code section 13403, subdivision (h), which provides that "[c]onviction of a felony or of any crime involving moral turpitude" constitutes cause for dismissal of a

permanent teacher. The trial court concluded that defendant's marijuana conviction did constitute cause for dismissal under the section and entered a judgment declaring that plaintiff school district "has the right to dismiss" defendant from his tenured teaching position.

Defendant has appealed from the judgment, contending primarily that the trial court misconstrued section 13403, subdivision (h), and erred as a matter of law in concluding both that his possession of marijuana conviction constituted a felony and that such conviction involved moral turpitude. In addition, defendant raises a number of procedural objections to the lower court proceedings.

As will appear, however, we have determined that we need not address defendant's numerous contentions as to the allegedly erroneous determinations of the trial court, for we have concluded that the judgment must be reversed on an entirely separate ground. During the pendency of this appeal, the Legislature enacted an entirely new, comprehensive statutory scheme to govern the treatment of marijuana offenders (Stats. 1975, ch. 248, pp. 641-649; Stats. 1976, ch. 952, No. 5, Deering's Adv. Legis. Service, pp. 44-51.) One of the recently enacted provisions, effective January 1, 1977, prohibits any public entity, including a school district, from revoking any right of an individual on the basis of a pre-1976 possession of marijuana conviction so long as two years have elapsed from the date of conviction. (Health & Saf. Code, § 11361.7, subd. (b).) Defendant's 1971 conviction falls directly within the statute's coverage. Thus, even if we assume that Education Code section 13403, subdivision (h) formerly authorized defendant's dismissal on the basis of his conviction for possession of marijuana, the Legislature has now, by virtue of the new legislation, repealed such statutory authority.

Although the school district maintains that the new legislation, having taken effect after the trial court judgment, should not be applied in this proceeding, a long and unbroken line of California decisions establishes beyond question that the repeal of the district's statutory authority does affect the present action. As we shall explain, the cases uniformly hold that where, as here, the government's authority rests solely upon a statutory basis, "a repeal of such a statute without a saving clause will terminate all pending actions based thereon. . . . 'If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in

force when its decision is rendered.' " (*Southern Service Co., Ltd.* v. *Los Angeles* (1940) 15 Cal.2d 1, 11-12 [97 P.2d 963].) Accordingly, since the Legislature has now withdrawn the school district's authority to dismiss defendant on the basis of his possession of marijuana conviction, the trial court judgment in favor of plaintiff must be reversed.

### 1. *The facts.*

Defendant Mann began teaching in the Rialto Unified School District in September 1964 and by 1969 had attained tenure as a permanent certificated employee of the district. On the evening of January 31, 1969, defendant was arrested at his home during the course of a "pot party;"[1] after a complete search of the house revealed that Mann was in possession of three marijuana cigarettes, he was charged both with possession of marijuana (former Health & Saf. Code, § 11530, now § 11357) and maintaining a place where narcotics are used. (Former Health & Saf. Code, § 11557, now § 11366.)

Less than a week thereafter, on February 5, 1969, the school board, acting pursuant to section 13409 of the Education Code,[2] placed defendant on compulsory leave of absence without pay; defendant was given no prior notice of this action and no opportunity to be heard. As

[1]Mann and a roommate shared a house. The party had apparently been arranged by Mann's roommate without Mann's knowledge; Mann and a friend arrived at the residence on the evening in question to find the party in progress. The trial court specifically found that the marijuana which was used by the other participants in the party did not belong to defendant.

The small quantity of marijuana which defendant possessed was found in a filing cabinet in his bedroom when the police conducted a general search of the entire premises. This general search did not result in the suppression of the evidence against defendant only because the search preceded the United States Supreme Court decision in *Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034]. (*Mann* v. *Superior Court* (1970) 3 Cal.3d 1, 5, fn. 1 [88 Cal.Rptr. 380, 472 P.2d 468].)

[2]At that time, section 13409 provided in relevant part: "Whenever any certificated employee of a school district is charged with the commission of any narcotics offense as defined in . . . Sections 11530 to 11532 . . . of the Health and Safety Code, by complaint, information, or indictment filed in a court of competent jurisdiction, the governing board of the school district may immediately place the employee upon compulsory leave in accordance with the procedure in this section." That procedure permitted the suspension of the employee without pay "for a period of time extending for not more than 10 days after the date of entry of the judgment in the [criminal] proceedings"; the section also permitted the district to extend the suspension by giving the employee notice of its intention to dismiss him.

events developed, more than two years elapsed before defendant was provided any opportunity to defend his right to retain his employment.[3]

Shortly after being placed on compulsory leave, Mann moved in the criminal proceeding to suppress the evidence against him on the ground that such evidence had been obtained as a result of an illegal search and seizure. The search and seizure claim ultimately reached this court; we upheld the validity of the search. (*Mann* v. *Superior Court, supra,* 3 Cal.3d 1; see also *Mann* v. *Smith* (9th Cir. 1973) 488 F.2d 245, cert. den. (1974) 415 U.S. 932 [39 L.Ed.2d 490, 94 S.Ct. 1445].) Thereafter, on February 8, 1971, Mann pled guilty to the possession of marijuana charge; the additional "maintaining a place" charge was dropped.

At the time Mann entered his guilty plea, possession of marijuana was punishable either as a felony or as a misdemeanor. In accepting Mann's guilty plea, the trial court withheld pronouncement of judgment, declining immediately to designate the conviction as either a felony or a misdemeanor, and placed defendant on probation for a two-year period. A year and one-half thereafter, in July 1972, upon the request and recommendation of defendant's probation officer, the trial court in the criminal matter explicitly declared Mann's offense to be a misdemeanor, discharged Mann from the remainder of the probation term, and dismissed the entire criminal proceedings pursuant to Penal Code section 1203.4.

Immediately after Mann pled guilty to the marijuana possession charge in February 1971, the school board notified him of its intention to dismiss him, asserting that his conviction constituted cause for dismissal under Education Code section 13403, subdivision (h). Mann exercised his statutory right to request a hearing, and the school board then instituted the present proceeding, pursuant to former Education Code section 13412,[4] to obtain a declaration from the trial court that the charge

---

[3]Defendant contends, inter alia, that this lengthy interim suspension without prior notice or opportunity to be heard violated his constitutional procedural due process rights under *Skelly* v. *State Personnel Board* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774]. We have no occasion in the instant case to determine the constitutionality of the procedure established by section 13409 because, in light of our conclusion that dismissal is unauthorized, defendant is in any event statutorily entitled to full back pay for the period of his suspension. (See former Ed. Code, § 13439.)

[4]At the time the complaint herein was filed, section 13412 provided as follows: "When any employee, who has been served with notice of the governing board's intention to dismiss him demands a hearing, the governing board shall have the option either (a) to rescind its action, or (b) to file a complaint in the superior court of the county in which

against Mann constituted sufficient grounds for dismissal; under the provisions applicable in this case, the school board is required to obtain a judgment in its favor before it may dismiss defendant, a permanent certificated employee. (See former Ed. Code, § 13436.) If such a favorable judgment is obtained, the district is empowered, but is not required, to dismiss the tenured employee. (See *id.*; *Board of Education v. Swan* (1953) 41 Cal.2d 546, 557 [261 P.2d 261].)

The school board's original complaint, filed in March 1971, well before defendant's conviction was finally designated a misdemeanor, alleged only that the conviction constituted a felony, and asserted that dismissal was authorized under Education Code section 13403, subdivision (h) on that basis alone. By the time the case came to trial, however, Mann's criminal offense had been denominated a misdemeanor in the criminal proceeding, and the school board, though still contending that the conviction constituted a felony conviction for purposes of the instant proceeding, sought leave to amend the complaint to allege additionally that Mann had been convicted "of a crime involving moral turpitude." The trial court, over defendant's objection, permitted the amendment and offered Mann additional time to prepare for trial; Mann declined the offer.

At trial, evidence was presented disclosing the above chronology of events. Several of the school district's administrative officials also testified that defendant's conduct had gained notoriety in the community and that they believed that it would be detrimental to the educational system of the district if defendant was permitted to resume teaching in the district. In response, defendant introduced evidence of his fine teaching record, his successful chairmanship of the high school social studies department and his innovative instructional abilities; he also provided expert testimony as to the relatively harmless nature of marijuana.

At the conclusion of the trial, the court ruled in favor of the school district, finding both that Mann's criminal offense constituted a felony conviction and that it involved moral turpitude; the court concluded that

the school district or the major part thereof is located, setting forth the charges against the employee and asking that the court inquire into the charges and determine whether or not the charges are true, and if true, whether or not they constitute sufficient grounds for the dismissal of the employee, under the provisions of this code, and for judgment pursuant to its findings."

the conviction constituted sufficient grounds for dismissal under Education Code section 13403, subdivision (h). Accordingly, the court entered judgment declaring that the plaintiff school district "has the right to dismiss" defendant from his tenured position.

As noted above, defendant has raised a host of contentions relating to errors allegedly committed by the trial court. As we explain, however, we need not address these varied claims since we conclude that the recent marijuana legislation mandates the reversal of the trial court judgment.

2.    *The Legislature has recently repealed any statutory authority plaintiff school district may have enjoyed to dismiss defendant on the basis of his possession of marijuana conviction. Such a repeal applies to all pending actions and mandates the reversal of the trial court judgment.*

Plaintiff school board concedes, as it must, that its authority to dismiss defendant, a tenured certificated employee, rests solely on statutory grounds. Education Code section 13403 provides that: "No permanent employee shall be dismissed except for one or more of" a number of specifically enumerated statutory causes. Plaintiff maintains that the trial court judgment in the instant case is sustained by subdivision (h) of section 13403, which sanctions the dismissal of a permanent employee for "conviction of a felony or of any crime involving moral turpitude"; the school board contends that the trial court properly found that defendant's 1971 possession of marijuana conviction constitutes a conviction of both a felony and a crime involving moral turpitude.

In 1975 and 1976, however, the Legislature enacted an entirely new comprehensive statutory scheme to govern the treatment of marijuana offenses and offenders. (Stats. 1975, ch. 248, pp. 641-649; Stats. 1976, ch. 952, No. 5, Deering's Adv. Legis. Service, pp. 44-51.) Although the most publicized aspect of the new legislation was the significant reduction in the criminal penalty attaching to a conviction for possession of a small quantity of marijuana (Health & Saf. Code, § 11357, subd. (b) ($100 fine)), the new legislation, which evolved out of legislative hearings held over a number of years, worked significant changes over the entire range of governmental treatment of marijuana offenders. This comprehensive reform legislation represented a conscious and substantial modification of California's past public policy which frequently equated marijuana offenses with much more serious drug offenses. (See generally Sen.

Select Com. on Control of Marijuana, Marijuana: Beyond Misunderstanding (1974).)

The provisions of newly enacted Health and Safety Code section 11361.7 subdivision (b) are directly relevant to the present proceeding.[5] That section provides, in broad and sweeping language, that no public agency, including a school district, shall impose any sanction upon an individual on the basis of a possession of marijuana arrest or conviction, or on the basis of the facts or events leading to such an arrest or conviction, *"on or after* the date the records of such an arrest or conviction are required to be destroyed, [6] ... or *two years from the date of such conviction* or arrest without conviction *with respect to* arrests and *convictions occurring prior to January 1, 1976."* (Italics added.) Defendant's 1971 marijuana conviction falls squarely within this section's reach.

The purpose of section 11361.7 subdivision (b) could not be clearer. As the extensive committee reports leading to the enactment of the new

---

[5]Section 11361.7 subdivision (b) reads in full:

"No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right, or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 or because of the facts or events leading to such an arrest or conviction, on or after the date the records of such arrest or conviction are required to be destroyed by subdivision (a) of Section 11361.5, or two years from the date of such conviction or arrest without conviction with respect to arrests and convictions occurring prior to January 1, 1976. As used in this subdivision, 'public agency' includes, but is not limited to, any state, county, city and county, city, public or constitutional corporation or entity, district, local or regional political subdivision, or any department, division, bureau, office, board, commission or other agency thereof."

One of the offenses specified in section 11361.5 subdivision (b) is "[a]ny violation of Section 11357 [possession of marijuana] or a statutory predecessor thereof."

[6]The question of the constitutional validity of the "destruction of records" remedy provided by Health and Safety Code section 11361.5 is presently pending before our court in two proceedings. (Court of Appeal v. Superior Court (Spelio) LA 30648; Attorney General v. Superior Court (Mack) SF 23517.) That issue is not relevant to the instant case because section 11361.7 subdivision (b) specifically prohibits a public entity from taking any adverse action against an individual on the basis of a pre-1976 conviction after "two years from the date of conviction," regardless of whether the records of that conviction have been destroyed, and defendant's conviction is more than two years old. Indeed, section 11361.7 subdivision (d) makes it plain that the destruction of records issue is irrelevant to this case, for that subdivision stipulates that the provisions of section 11361.7 "shall be applicable without regard to whether destruction or obliteration of records has actually been implemented pursuant to Section 11361.5." Accordingly, we intimate no view as to the constitutionality of the statutory provisions mandating the destruction of records.

marijuana law reveal, one of the most significant arguments advanced in favor of the reform of marijuana laws was that under prior statutes persons convicted of relatively minor marijuana offenses were subjected to disproportionately severe sanctions, both criminal *and civil*; prime examples cited by the legislative committee included dismissal from employment and the loss of professional credentials. (See Sen. Select Com. on Control of Marijuana, Marijuana: Beyond Misunderstanding (1974) pp. 40-41.) In enacting section 11361.7 subdivision (b) the Legislature met this problem directly, providing in the broadest terms possible that public agencies may not impose any collateral sanctions on individuals on the basis of the possession of marijuana convictions or arrests encompassed by the statute.

The enactment of Health and Safety Code section 11361.7, subdivision (b) has, of course, a direct effect on the statutory authority granted a school district by Education Code section 13403, subdivision (h). Even if we assume, as plaintiff maintains and as the trial court concluded, that section 13403 subdivision (h) previously authorized the school district to dismiss defendant on the basis of his possession of marijuana conviction, the new legislation by necessary implication has worked a direct repeal of such statutory authority.[7]

Although the new enactment does not specifically refer to section 13403, subdivision (h), and although repeals by implication are not favored (see *Flores* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 171, 176 [113 Cal.Rptr. 217, 520 P.2d 1033]), when, as here, a subsequently enacted specific statute directly conflicts with an earlier, more general provision, it is settled that the subsequent legislation effects a limited repeal of the former statute to the extent that the two are irreconcilable. (See, e.g., *County of Placer* v. *Aetna Cas. etc. Co.* (1958) 50 Cal.2d 182, 189 [323 P.2d 753]; *Rose* v. *State of California* (1942) 19 Cal.2d 713, 723-724 [123 P.2d 505].) Accordingly, at present plaintiff school district enjoys no statutory authority to dismiss Mann on the basis of his past possession of marijuana conviction.

Plaintiff maintains, however, that even if the new marijuana legislation has repealed the district's current authority to dismiss an employee for such a conviction, the repeal should not affect the instant

---

[7]The "repeal" of section 13403 subdivision (h) is, of course, limited to those marijuana convictions encompassed by Health and Safety Code section 11361.7 subdivision (b). Insofar as the section authorizes dismissal for other criminal convictions, the section continues to operate in full force.

proceeding which was pending on appeal at the time the repealing legislation became effective. Invoking the traditional rule that statutory enactments are generally presumed to have prospective effect, plaintiff argues that the new legislation should not be applied in this case.

A long well-established line of California decisions conclusively refutes plaintiff's contention. Although the courts normally construe statutes to operate prospectively, the courts correlatively hold under the common law that when a pending action rests solely on a statutory basis, and when no rights have vested under the statute, "a repeal of such a statute without a saving clause will terminate all pending actions based thereon." (*Southern Service Co., Ltd.* v. *Los Angeles, supra*, 15 Cal.2d 1, 11-12.)

As explained nearly 50 years ago in *Callet* v. *Alioto* (1930) 210 Cal. 65, 67-68 [290 P. 438]: "It is too well settled to require citation of authority, that . . . every statute will be construed to operate prospectively and will not be given a retrospective effect, unless the intention that it should have that effect is clearly expressed. . . . It is also a general rule, subject to certain limitations not necessary to discuss here, that a cause of action or remedy dependent on a statute falls with a repeal of the statute, even after the action thereon is pending, in the absence of a saving clause in the repealing statute. [Citations.] The justification for this rule is that all statutory remedies are pursued with full realization that the legislature may abolish the right to recover at any time." (See generally 1a Sutherland, Statutory Construction (4th ed. 1972) § 23.33, pp. 279-281.)

This general common law rule has been applied in a multitude of contexts. Perhaps the rule's most familiar application is in the criminal realm, where our decisions have long recognized that under the common law the repeal of a penal law without a saving clause invalidates all prosecutions under the old law which have not become final as of the effective date of the repeal. (See, e.g., *People* v. *Gill* (1857) 7 Cal. 356, 357; *Spears* v. *County of Modoc* (1894) 101 Cal. 303, 304-306 [35 P. 869]; *In re Estrada* (1965) 63 Cal.2d 740, 746-747 [48 Cal.Rptr. 172, 408 P.2d 948]; *People* v. *Rossi* (1976) 18 Cal.3d 295 [134 Cal.Rptr. 64, 555 P.2d 1313].) Similarly, the doctrine has frequently been invoked to preclude the imposition of a forfeiture, or other statutory penalty, when the statutory basis therefor has been repealed prior to final judgment on appeal. (See, e.g., *People* v. *Durbin* (1966) 64 Cal.2d 474 [50 Cal.Rptr. 657, 413 P.2d 433]; *People* v. *One 1953 Buick* (1962) 57 Cal.2d 358, 362-363 [19

Cal.Rptr. 488, 369 P.2d 16]; *Lemon* v. *Los Angeles T. Ry. Co.* (1940) 38 Cal.App.2d 659, 671 [102 P.2d 387].)

As a host of California cases demonstrate, however, the reach of this common law rule has never been confined solely to criminal or quasi-criminal matters.[8] The Court of Appeal decision in *Weissbuch* v. *Board of Medical Examiners* (1974) 41 Cal.App.3d 924 [116 Cal.Rptr. 479] illustrates the application of the doctrine in circumstances which closely parallel the, instant case. In *Weissbuch,* a licensed physician was convicted of possession of marijuana in 1971, at a time when marijuana was statutorily classified as a narcotic drug. Under sections 2384 and 2390 of the Business and Professions Code, such a narcotics conviction was considered "conclusive evidence of . . . unprofessional conduct" on the part of the physician, warranting the suspension or revocation of his license. The Board of Medical Examiners, acting pursuant to these sections, revoked Dr. Weissbuch's license. The doctor challenged the revocation by writ of mandate and during the pendency of his appeal the Legislature modified the governing statutory scheme by removing marijuana from the narcotic drug classification. (Stats. 1972, ch. 1407, § 3, p. 2989.) The *Weissbuch* court, relying upon the statutory revision, reversed the administrative revocation order, declaring: "Since [the] mitigating amendment was enacted prior to the Board's decision becoming final (review by mandamus was pending at the time the amendment became effective), petitioner is entitled to the benefit thereof. . . ." (41 Cal.App.3d at p. 929.)

By parity of reasoning, the present trial court judgment in favor of the school district clearly cannot stand. The school district's authority to dismiss defendant rests solely on statutory grounds, and thus under the settled common law rule the repeal of the district's statutory authority necessarily defeats this action which was pending on appeal at the time the repeal became effective. As this court noted in *Southern Service Co.,*

---

[8]See, e.g., *International etc. Workers* v. *Landowitz* (1942) 20 Cal.2d 418, 423 [126 P.2d 609] (repeal of statutory "fair competition" remedy); *Southern Service Co., Ltd.* v. *Los Angeles, supra,* 15 Cal.2d 1, 11-12 (repeal of tax refund statute); *Wolf* v. *Pacific Southwest etc. Corp.* (1937) 10 Cal.2d 183, 185 [74 P.2d 263] (repeal of civil usury statute); *People* v. *Bank of San Luis Obispo* (1910) 159 Cal. 65 [112 P. 866] (repeal of statutory banking regulations); *City of Sonora* v. *Curtin* (1902) 137 Cal. 583, 589 [70 P. 674] (repeal of statutory license fee); *Napa State Hospital* v. *Flaherty* (1901) 134 Cal. 315, 317 [66 P. 322] (repeal of statutory right to surcharge patient's parent); *Western etc. Lbr. Co.* v. *Cal. Emp. Com.* (1943) 58 Cal.App.2d 403, 410-411 [137 P.2d 703] (repeal of statutory recoupment remedy); *Cal. Emp. Com.* v. *Arrow Mill Co.* (1941) 45 Cal.App.2d 668, 672 [114 P.2d 727] (amendment of payroll tax coverage).

Early out-of-state cases are collected and summarized in *People* v. *Bank of San Luis Obispo, supra,* 159 Cal. 65, 68-75.

*Ltd.* v. *Los Angeles, supra,* 15 Cal.2d 1, 12: " 'If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered.' "

Indeed, because of the unique dismissal procedure governing this case, the applicability of the new legislation is perhaps clearer here than in any of the previous decisions. As noted above, the Education Code sections pertinent to this case provide that a school board may not make its ultimate decision to dismiss a permanent employee *until after* it successfully obtains a final court judgment (former Ed. Code, § 13436, see *Board of Education* v. *Swan, supra,* 41 Cal.2d 546, 557; *Board of Education* v. *Calderon* (1973) 35 Cal.App.3d 490, 492 fn. 2 [110 Cal.Rptr. 916]); accordingly, the school board has not as yet been statutorily authorized to exercise its discretion to dismiss defendant. Thus, even if the new legislation were to be given "purely" prospective effect, the school board's future dismissal of defendant on the basis of his marijuana conviction would be barred. Accordingly, the trial court judgment, authorizing such dismissal, must be reversed.

### 3. *Conclusion*

In recent years, prevailing societal views as to the appropriate treatment of marijuana offenders have undergone considerable revision. Through legislation enacted in 1975 and 1976, the California Legislature has determined that at the present time public policy is best served by prohibiting public entities from imposing adverse collateral sanctions on individuals who, some years ago, may have suffered a conviction for possession of marijuana. In light of this legislation, we conclude that the Rialto Unified School District may not dismiss Thomas Mann from his tenured teaching position on the basis of his 1971 possession of marijuana conviction.

The judgment in favor of plaintiff is reversed.

Wright, C. J., McComb, J., Mosk, J., Sullivan, J., Clark, J., and Richardson, J., concurred.

Respondent's petition for a rehearing was denied February 17, 1977.