[No. C049516. Third Dist. Jan. 25, 2006.]

ANN MCCARTHY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, BEST SANITIZERS, INC. et al., Respondents.

## COUNSEL

Law Offices of Jeffrey R. Toff and Richard V. DeGruccio for Petitioner.

Catherine A. Martinez for Respondents Best Sanitizers, Inc., and Kemper Employee Claim Service.

No appearance for Respondent Workers' Compensation Appelas Board.

## OPINION

**CANTIL-SAKAUYE, J.**—On April 19, 2004, Governor Arnold Schwarzenegger signed into law Senate Bill No. 899 (2003–2004 Reg. Sess.), a package of reforms to the workers' compensation laws. (Stats. 2004, ch. 34.) (Bill No. 899.) The legislation took effect immediately as an urgency measure. (Stats. 2004, ch. 34, § 49.) Bill No. 899 amended and repealed former Labor Code section 5814, and added new section 5814.[1] Both the former and the new statute authorize imposition of penalties for the unreasonable delay or refusal to pay compensation. (Stats. 2004, ch. 34, §§ 42 & 43.) Former section 5814 authorizes penalties equal to 10 percent of "the full amount of the order, decision, or award . . . ."[2] As pertinent here, new section 5814, subdivision (a) provides "the amount of the payment unreasonably delayed or refused" is increased up to 25 percent or $10,000, whichever is less.[3] In other words, if former section 5814 applies, the applicant's entire award of temporary disability benefits—past, present and future—is increased by the 10 percent penalty. Under new section 5814, subdivision (a), the penalty is assessed only against the amount of payment delayed or refused.

On December 8, 2004, the Workers Compensation Appeals Board (WCAB) issued an in bank opinion in *Abney v. Aera Energy, Liberty Mutual Ins. Co.* (2004) 69 Cal.Comp.Cases 1552 (*Abney*), which held that "section 5814, as enacted by SB 899 and operative June 1, 2004, applies to unreasonable delays

---

[1] Undesignated statutory references are to the Labor Code.

[2] Former section 5814 reads in relevant part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision, or award shall be increased by 10 percent. Multiple increases shall not be awarded for repeated delays in making a series of payments due for the same type or specie of benefits. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. . . ."

[3] New section 5814, subdivision (a) provides: "(a) When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the amount of the payment unreasonably delayed or refused shall be increased up to 25 percent or up to ten thousand dollars ($10,000), whichever is less. In any proceeding under this section, the appeals board shall use its discretion to accomplish a fair balance and substantial justice between the parties."

or refusals to pay compensation that occur prior to the operative date where the finding of unreasonable delay is made on or after June 1, 2004." (*Id.* at p. 1553.) The Court of Appeal, Second Appellate District, denied Abney's petition for writ of review. (*Abney v. Workers' Comp. Appeals Bd.* (2005) 70 Cal.Comp.Cases 460, 462.)

In this case, petitioner Ann McCarthy contends that *Abney* was incorrectly decided and the worker's compensation judge (WCJ) should have calculated penalties against her employer and its insurer under former section 5814 even though the WCJ issued his findings after June 1, 2004. We shall affirm the decision of the WCAB.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2001, in the course of her employment as an account manager for Best Sanitizers, Inc. (Best), McCarthy tripped and injured her left ankle. McCarthy filed petitions seeking relief under section 5814 on May 6, 2002, and May 14, 2004. The petitions alleged a total of seven incidents giving rise to penalties against Best and Kemper Employer Claim Service (Kemper) for unreasonable denial or delay in authorizing treatment and the refusal to pay persons who treated her.

The Legislature adopted Bill No. 899 as an urgency measure on April 19, 2004. (Stats. 2004, ch. 34, § 49.) Bill No. 899 provided that former section 5814 would become "inoperative" on June 1, 2004, and that former section 5814 was "repealed" as of January 1, 2005. (Stats. 2004, ch. 34, § 42.)

The WCJ tried the penalty issue on September 2, 2004. The parties stipulated that $182,171 had been expended in medical care. In the findings, award, and order filed on December 7, 2004, the WCJ held that former section 5814 should be applied to "delays in compensation that occurred before the former labor code § 5814 became inoperative, but litigated before that same statute [was] repealed." Accordingly, the WCJ ordered Kemper to "increase by ten percent the entire class of medical treatment benefits for failure to timely reimburse [McCarthy] for the request of December 16, 2003" and to "increase by ten percent the entire class of medical treatment benefits for failure to timely authorize prescription medications needed to cure or relieve the effects of [McCarthy's] industrial injury."

Best and Kemper filed a petition for reconsideration on December 23, 2004. They argued that the WCJ erred in applying former section 5814 in light of the WCAB's December 8, 2004, in bank decision in *Abney.*

On January 5, 2005, before the WCAB acted on the petition for reconsideration, the WCJ issued its new findings, award, and order based on *Abney.* Noting that WCAB en banc decisions were binding precedent on WCJ's

under California Code of Regulations, title 8, section 10341, the WCJ applied the new section 5814 and ordered Kemper to "increase by 25 percent the value of medical treatment expense in the amount of $994.19 equaling $248.55" less penalties already paid under section 4650, subdivision (d).[4]

The WCAB denied McCarthy's petition for reconsideration on March 3, 2005. McCarthy filed her petition for writ of review on April 18, 2005.

## DISCUSSION

### I

### *Standards of Review*

The question in this case is when did the Legislature intend the various changes to section 5814 to take effect? We interpret the governing statutes de novo, but accord great weight to the WCAB's construction in *Abney* unless it is clearly erroneous. (*Kleemann v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 274, 282 [25 Cal.Rptr.3d 448].)

### II

### *Relevant Provisions of Bill No. 899*

On April 19, 2004, the Legislature *amended* former section 5814, repealed former section 5814 on a date certain, and also added a new section 5814. (Stats. 2004, ch. 34, § 42.) Former section 5814 was amended to add subdivision (b) as follows: "This section shall become inoperative on June 1, 2004, and, as of January 1, 2005, is repealed, unless a later enacted statute, that becomes operative on or before January 1, 2005, deletes or extends the dates on which it becomes inoperative and is repealed."

At the same time, the Legislature *added* a new section 5814 which inter alia changed the calculation of penalties in the manner we already described. The new section 5814 included, as relevant here, subdivisions (h) and (i) which read:

"(h) This section shall apply to all injuries, without regard to whether the injury occurs before, on, or after the operative date of this section.

---

[4] New section 5814, subdivision (d) provides that "[t]he payment of any increased award pursuant to subdivision (a) shall be reduced by any amount paid under subdivision (d) of Section 4650 on the same unreasonably delayed or refused benefit payment."

"(i) This section shall become operative on June 1, 2004." (Stats. 2004, ch. 34, § 43.)

The Legislature also declared that Bill No. 899 was urgency legislation: "This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are: [¶] In order to provide relief to the state from the effects of the current workers' compensation crisis at the earliest possible time, it is necessary for this act to take effect immediately." (Stats. 2004, ch. 34, § 49.)

## III

### *New Section 5814 Applies to McCarthy's Case*

McCarthy contends that the WCAB should have applied former section 5814 to her case because the Legislature did not repeal the statute until January 2005. She maintains that in *Abney* the WCAB improperly ignored the amendment to former section 5814 which shows the Legislature did not intend to apply new section 5814 retroactively. Under McCarthy's reading of Bill No. 899, former section 5814 applies to penalty petitions filed before June 1, 2004, and litigated before January 1, 2005, and new section 5814 applies to penalty petitions filed on or after June 1, 2004, and litigated on or after January 1, 2005.

We begin by pointing out that new section 5814 applies to this case under McCarthy's own argument. "Litigate" means "to be a party to, or carry on, a lawsuit." (Garner, Dict. of Modern Legal Usage (2d ed. 1995) p. 533.) McCarthy was still "litigating" her legal claims when she petitioned the WCAB for reconsideration of the WCJ's findings in January 2005, and petitioned this court for a writ of review.

Turning to the matter of statutory construction, we conclude the WCAB did not err in following *Abney* to rule that new section 5814 controls the calculation of penalties in McCarthy's case.

In the *Abney* decision, the WCAB applied several well-established rules of statutory construction. As summarized in *Abney*, the WCAB held that "based on the language of the statute itself, the stated intent and purpose of SB 899, the wholly statutory nature of the workers' compensation system and existing case law, we find that section 5814, as enacted by SB 899 and operative June 1, 2004, also applies to alleged unreasonable delays or refusals to pay compensation that occurred prior to the operative date." (*Abney, supra,* 69 Cal.Comp.Cases at p. 1560.)

██ "In construing a statute, the Appeals Board's fundamental purpose is to determine and effectuate the Legislature's intent. [Citations.] Thus, the WCAB's first task is to look to the language of the statute itself. [Citation.] The best indicator of legislative intent is the clear, unambiguous, and plain meaning of the statutory language. [Citations.] When the statutory language is clear and unambiguous, there is no room for interpretation and the WCAB must simply enforce the statute according to its plain terms. [Citations.] [¶] When construing any particular statutory provision, however, we may also consider it in light of the entire statutory scheme of which it is part and harmonize it with related statutes, to the extent possible." (*Abney, supra,* 69 Cal.Comp.Cases at pp. 1556–1557, citing *Chevron U.S.A., Inc. v. Workers' Comp. Appeals Bd.* (1999) 19 Cal.4th 1182, 1194 [81 Cal.Rptr.2d 521, 969 P.2d 613], *DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 387–388 [20 Cal.Rptr.2d 523, 853 P.2d 978], and other cases.)

██ Focusing on new section 5814, subdivision (i), the WCAB concluded in *Abney* that "the language of section 5814 itself, the stated purpose and intent of SB 899, as well as relevant case law, support our conclusion that the remedy afforded by the current rather than the prior version of section 5814 applies in cases where the alleged unreasonable delay or refusal to pay compensation occurred prior to the June 1, 2004 operative date." (*Abney, supra,* 69 Cal.Comp.Cases at p. 1557.) Citing new section 5814, subdivision (h), *Abney* added, "This inclusive language is nowhere qualified or limited to unreasonable delays or refusals occurring only on or after the June 1, 2004 operative date, either in section 5814 itself or elsewhere in SB 899. (To do so would effectively negate its application to 'all injuries,' contrary to the specific intent of the Legislature.)" (*Abney, supra,* at p. 1557.) In *Abney,* the WCAB also noted that section 49 of Bill No. 899 regarding urgency legislation "supports the application of the new section 5814 remedy to cases where the alleged unreasonable delay or refusal to pay compensation occurred prior to the June 1, 2004 operative date." (*Abney, supra,* at p. 1558.)

*Abney* also properly relies on the statutory repeal rule, stating that "[i]t is well settled that where a right or a right of action depending solely on statute is altered or repealed by the Legislature, in the absence of contrary intent, e.g., a savings clause, the new statute is applied even where the matter was pending prior to the enactment of the new statute." (*Abney, supra,* 69 Cal.Comp.Cases at p. 1558, citing *Governing Bd. v. Mann* (1977) 18 Cal.3d 819, 829–830 [135 Cal.Rptr. 526, 558 P.2d 1] (*Governing Bd.*).) " 'The justification for this rule is that all statutory remedies are pursued with the full realization that the Legislature may abolish the right to recover at any time.' " (*Abney, supra,* at p. 1558, quoting *Governing Bd., supra,* at p. 829.)

██ In *Rio Linda Union School Dist. v. Workers' Comp. Appeals Bd.* (2005) 131 Cal.App.4th 517, 528 [31 Cal.Rptr.3d 789], a recent

decision construing another section of Bill No. 899, we explained: "[T]he repeal of a statutory right or remedy triggers the application of rules distinct from the traditional law regarding the prospective or retroactive application of a statute. 'A well-established line of authority holds: " ' "The unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered." ' [Citations.]" [Citations.]' [Citations.] 'The justification for this rule is that all statutory remedies are pursued with full realization that the [L]egislature may abolish the right to recover at any time.' [Citation.]" Here, as in *Rio Linda*, we conclude the statutory repeal rule applies since the Legislature by Bill No. 899 repealed the purely statutory right to a particular formula for calculating penalties for the unreasonable delay or refusal to pay compensation. "The repeal of such statutory right applies to all pending cases, at whatever stage the repeal finds them, unless the Legislature has expressed a contrary intent by an express saving clause or by implication from contemporaneous legislation. [Citation.]" (*Rio Linda, supra*, at p. 528, italics omitted.) We agree with *Abney* that it did not. (*Abney, supra*, 69 Cal.Comp.Cases at p. 1558.)

The traditional law regarding the prospective or retroactive application of a statute vis-à-vis a procedural or substantive change in the law was also addressed in *Abney*. The WCAB reinforced its legal finding that new section 5814 applied by concluding the new statute effected only a procedural change in the law. (*Abney, supra*, 69 Cal.Comp.Cases at pp. 1559–1560.)

Employing a similar analysis to that set forth in *Abney*, the Second District Court of Appeal held that "former section 5814 became inoperative and unenforceable on June 1, 2004, and new section 5814 became applicable to all injuries in then pending cases . . . ." (*Green v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 1426, 1432 [26 Cal.Rptr.3d 527], review den. July 13, 2005 (*Green*).) *Green* differs with *Abney* only in its conclusion that "[s]ince [the] provisions of new section 5814 substantially reduce or in some instances eliminate the right to increased compensation, . . . the provisions are fundamentally substantive in nature." (*Id.* at pp. 1438–1439.)

McCarthy complains that when construing Bill No. 899 in *Abney*, the WCAB ignored the amendment to former section 5814. As we explained, the amendment provided that former section 5814 would become "inoperative" on June 1, 2004, and was "repealed" as of January 1, 2005. (Stats. 2004, ch. 34, § 42.) McCarthy maintains the amendment expressly limited the retroactivity of new section 5814. She argues that, "[b]y implementing an inoperative date and a subsequent repeal date, the Legislature expressed its

intent to extend the substantive right to a remedy, as provided under Former 5814, for certain past misconduct, notwithstanding the retroactivity of New 5814."

The *Green* court cited three reasons for rejecting a similar argument. First, the court reasoned that the Legislature intended "inoperative" to mean "unenforceable" so that "[i]n the event that new section 5814 was determined to be unconstitutional, or otherwise unenforceable, former section 5814 could be reinstated without the delay occasioned by the introduction of new legislation." (*Green, supra,* 127 Cal.App.4th at p. 1441.) Second, a delay in the implementation of new section 5814 "allowed injured workers and employers to conclude some matters under former section 5814." (*Green, supra,* at p. 1441.) Third, "by delaying the inoperative status of former section 5814 and the operative status of new section 5814, the Legislature provided an additional period to avoid the two-year statute of limitations created by new section 5814, subdivision (g) . . . ." (*Ibid.*)

## DISPOSITION

The decision of the WCAB is affirmed. Each party shall bear its own costs. (Cal. Rules of Court, rule 27(a)(4).)

Nicholson, Acting P. J., and Robie, J., concurred.

A petition for a rehearing was denied February 23, 2006, and the opinion was modified to read as printed above.