**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SARO DAGHLIAN, on behalf of
himself and all others similarly
situated,

       *Plaintiff-Appellant,*

       v.

DEVRY UNIVERSITY, INC.; DEVRY
INC.,

       *Defendants-Appellees.*

No. 08-55036

D.C. No.
CV-06-00994-
MMM

ORDER

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted
July 9, 2009—Pasadena, California

Filed July 31, 2009

Before: Kim McLane Wardlaw, Johnnie B. Rawlinson, and
N. Randy Smith, Circuit Judges.

Order by Judge Wardlaw

---

## COUNSEL

Gregory N. Karasik and J. Mark Moore, Spiro Moss Barness,
LLP, Los Angeles, California, for the appellant.

Margaret M. Grignon and Felicia Y. Yu, Reed Smith LLP,
Los Angeles, California; Kim M. Watterson, Reed Smith
LLP, Pittsburgh, Pennsylvania, for the appellees.

9981

# ORDER

WARDLAW, Circuit Judge:

Saro Daghlian appeals the district court's denial of his motion for class certification and grant of summary judgment in favor of DeVry University and its parent company, DeVry Inc. We lack jurisdiction over this appeal, and thus dismiss.

The California Private Postsecondary and Vocational Education Reform Act ("Act"), on which all of Daghlian's claims are based, was repealed without a savings clause effective January 1, 2008. *See* Cal. Educ. Code § 94999 (West 2007). No subsequent legislation has been enacted to revive the Act.[1] As Daghlian concedes, the repeal of the Act abates his Education Code claims. *See Governing Bd. of Rialto Unified Sch. Dist. v. Mann*, 558 P.2d 1, 2 (Cal. 1977) (in bank); *see also* Cal. Gov. Code § 9606 (West 2009). The appeal is therefore moot unless an exception to the abatement rule applies. *See Zipperer v. County of Santa Clara*, 35 Cal. Rptr. 3d 487, 493-94 (Ct. App. 2005); *Younger v. Superior Court*, 577 P.2d 1014, 1018-19 (Cal. 1978) (in bank). We conclude that no exception applies. Daghlian did not state a claim for breach of contract, and his other claims were "wholly statutory," *Zipperer*, 35 Cal. Rptr. 3d at 494, as they were derivative of a violation of the Act. Because we cannot grant any effective relief, we lack jurisdiction to entertain this appeal. *See Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999).

**DISMISSED.**

---

[1] We grant DeVry's motion to take judicial notice of the Complete Bill History of S.B. 823, which would have established the California Private Postsecondary Education Act of 2008, but was vetoed by Governor Schwarzenegger.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.