Filed 5/9/23

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D080241 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD148091) |
| ANGELO SHERMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge. Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

Angelo Sherman petitioned for resentencing nearly 20 years after sustaining multiple convictions and receiving a sentence of 123 years to life for raping and sexually assaulting five different women, with a prior serious felony conviction for rape of an unconscious woman. He contends that the

trial court improperly found him ineligible for resentencing under Penal Code section 1170.91, subdivision (b), because he adequately alleged that he suffers from a substance abuse problem related to his military service.[1]  The People contend that Sherman is ineligible for resentencing under section 1170.91, subdivision (c), which was added to the statute and made effective January 1, 2023, while this appeal was pending.  Subdivision (c) now states that section 1170.91 does not apply to a person who has been convicted of a super-strike offense (§ 667, subd. (e)(2)(C)(iv)) or an offense requiring registration as a sex offender (§ 290, subd. (c)).  We agree that section 1170.91, subdivision (c), applies to cases already pending when it became effective and makes Sherman categorically ineligible for relief.  Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2001, a jury convicted Sherman of drugging, raping, and/or sexually assaulting five women between 1993 and 1999.  At his trial, two other victims testified about similar sexual assaults committed by Sherman in 1993 and 1997.  (*People v. Sherman* (Feb. 25, 2003, D037969) [nonpub. opn.].)

The jury convicted Sherman of four counts of forcible rape (§ 261, subd. (a)(1)), four counts of rape by use of drugs (§ 261, subd. (a)(3)), three counts of rape of an unconscious person (§ 261, subd. (a)(4)), rape of an unconscious person with a foreign object (§ 289, subd. (d)), forcible rape with a foreign object (§ 289, subd. (a)(1)), oral copulation of an unconscious person (§ 288a, subd. (f)), four counts of sexual battery (§ 243.4), residential burglary (§ 459), kidnapping for sexual purposes (former § 208, subd. (d)), kidnapping (§ 207, subd. (a)), and kidnapping for rape (§§ 207, 209, subd. (b)(1)).  The jury and trial court also found true several enhancement and prior conviction

---

[1]    All further statutory references are to the Penal Code.

allegations (§§ 667, 667.61, 668, 1170.12), including a 1998 serious felony prior for rape of an unconscious woman.

On appeal, we reversed one of the counts of sexual battery and remanded the matter for resentencing. (*People v. Sherman* (Feb. 25, 2003, D037969) [nonpub. opn.].) On remand, the trial court resentenced Sherman to an indeterminate term of 95 years to life, plus a consecutive determinate term of 28 years, for a total of 123 years to life. We affirmed the judgment on resentencing. (*People v. Sherman* (May 27, 2004, D043220) [nonpub. opn.].)

In 2020, Sherman filed a motion to recall his sentence and for resentencing under section 1170.91. He argued that he was eligible for resentencing because he had served in the military; he suffered from a substance abuse problem as a result of his military service; he had been prescribed anti-depressants for depression in prison; and his substance abuse and mental health conditions were not considered as mitigating factors at his sentencing.

The trial court held a hearing on the request for resentencing. The court explained that it did not see any evidence of a connection between a mental health issue related to Sherman's military service and his commission of the sex offenses. The court also expressed its opinion that there was no evidence Sherman's offenses were "a result of his substance abuse." The court stated, "I don't see any basis for doing anything other than reinstating and imposing the sentence previously ordered. I just don't think there's a necessary connection." Accordingly, the court "reinstated" the sentence previously imposed.

DISCUSSION

I

Sherman argues that the trial court erred by purportedly finding him ineligible for relief under the version of section 1170.91 in effect at the time of the trial court proceedings. In response, the People assert that Sherman is categorically ineligible for relief under the 2022 amendment to section 1170.91 that became effective on January 1, 2023. (Stats. 2022, ch. 721 (Sen. Bill 1209), § 1, eff. Jan. 1, 2023.) This is a question of statutory interpretation, which we review de novo. (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.)

A. *Section 1170.91*

Section 1170.91 was enacted in 2014. The original statute merely required courts to consider as a mitigating factor for determinate sentencing certain specified qualifying conditions the defendant may be suffering as a result of his or her military service—sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems. (Former § 1170.91, added by Stats. 2014, ch. 163, § 2, eff. Jan. 1, 2015; *People v. Stewart* (2021) 66 Cal.App.5th 416, 422–423 (*Stewart*).) As amended, this sentencing provision is now contained in section 1170.91, subdivision (a).

In 2018, the Legislature added subdivision (b) to section 1170.91. Subdivision (b) authorizes retrospective relief for previously sentenced criminal defendants who may suffer from one of the qualifying conditions as a result of their military service. As originally enacted, subdivision (b) allowed a defendant who was sentenced before January 1, 2015 to petition the court for a recall of the sentence and request resentencing "pursuant to subdivision (a)" if his or her qualifying condition "was not considered as a factor in mitigation at the time of sentencing." (Former § 1170.91, subd. (b)(1)(A), as

4

amended by Stats. 2018, ch. 523 (Assem. Bill 865), § 1, eff. Jan. 1, 2019.) Like subdivision (a), subdivision (b) originally applied only to defendants who were eligible for determinate sentences. (*Stewart*, *supra*, 66 Cal.App.5th at pp. 423–424.)

In 2022, the Legislature amended the statute again. (Stats. 2022, ch. 721 (Sen. Bill 1209), § 1, eff. Jan. 1, 2023.) The 2022 amendment both expanded and restricted eligibility for relief. In relevant part, it expanded subdivisions (a) and (b) to include those serving indeterminate sentences; it eliminated the requirement that the defendant must have been sentenced before January 1, 2015 to be eligible for resentencing; and it added a provision explicitly stating that subdivision (b) "shall apply retroactively" (§ 1170.91, subd. (b)(10)). At the same time, however, it restricted eligibility by adding subdivision (c), a carve-out provision stating that "[t]his section does not apply to a person convicted of, or having one or more prior convictions for, an offense specified in clause (iv) of paragraph (C) of paragraph (2) of subdivision (e) of Section 667 or an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 1170.91, subd. (c).) These changes became effective on January 1, 2023.[2]

B. *Analysis*

The People argue that section 1170.91, subdivision (c), applies to Sherman and makes him categorically ineligible for relief because he was

_____

[2]  Though not relevant to this appeal, the 2022 amendment also added language stating that if the petitioner is eligible for resentencing, the court may either (1) modify the original sentence by reducing the term of imprisonment; or (2) vacate the conviction and impose judgment on any necessarily included or lesser related offense, whether or not charged in the original pleading, and then resentence the petitioner to a reduced term of imprisonment with the concurrence of the defendant and the prosecutor. (§ 1170.91, subd. (b)(3)(A) & (B).)

convicted of offenses that require registration as a sex offender. In response, Sherman does not dispute that he would be ineligible for relief under subdivision (c). However, he contends that subdivision (c) does not apply to him because it did not become effective until January 1, 2023, after the trial court proceedings on his section 1170.91 petition, and it does not apply retroactively to pending cases.

We agree with the People. "The repeal of a statutory right or remedy . . . presents entirely distinct issues from that of the prospective or retrospective application of a statute." (*Physicians Com. for Responsible Medicine v. Tyson Foods, Inc.* (2004) 119 Cal.App.4th 120, 125.) "Where, as here, the Legislature has conferred a remedy and withdraws it by amendment or repeal of the remedial statute, the new statutory scheme may be applied to pending actions without triggering retrospectivity concerns . . . ." (*Brenton v. Metabolife International, Inc.* (2004) 116 Cal.App.4th 679, 690 (*Brenton*).) This rule also applies to a partial repeal of an existing statutory right or remedy. (*Zipperer v. County of Santa Clara* (2005) 133 Cal.App.4th 1013, 1023 (*Zipperer*).) "The justification for this rule is that all statutory remedies are pursued with full realization that the Legislature may abolish the right to recover at any time." (*Governing Board v. Mann* (1977) 18 Cal.3d 819, 829 (*Mann*), internal quotation marks omitted.)

"This general common law rule has been applied in a multitude of contexts. Perhaps the rule's most familiar application is in the criminal realm, when our decisions have long recognized that under the common law the repeal of a penal law without a saving clause invalidates all prosecutions under the old law which have not become final as of the effective date of the repeal." (*Mann, supra*, 18 Cal.3d at p. 829.)

6

The same rule has also been applied to the repeal of a statutory provision designed to ameliorate criminal punishment. (*People v. Bradley* (1998) 64 Cal.App.4th 386, 396–397.) In *Bradley*, a statutory provision giving courts the authority to strike prison priors (former § 1170.1, subd. (h)) was repealed while the defendant's appeal from his conviction was pending. (*Bradley*, at pp. 391–392 & fn. 2.) In ordering resentencing, the Court of Appeal had to consider whether the trial court on remand would be required to exercise its sentencing discretion under this repealed statute, because the defendant's "criminal conduct and [original] sentencing preceded that legislative decision." (*Id.* at p. 396.) The Court of Appeal concluded that the defendant had no right to invoke the repealed statute on resentencing. It reasoned: "[F]ormer section 1170.1, subdivision (h) was a remedial statute designed to allow a trial court to ameliorate the effects of a potentially excessive sentence by striking certain enhancements in the face of mitigating circumstances. [Citations.] The repeal of a statute which provides a remedy to a party is fully prospective and applies to pending cases. . . . *'The reviewing court must dispose of the case under the law in force when its decision is rendered.'* " (*Id.* at p. 397, internal quotation marks omitted.)

We conclude that the same reasoning applies here. Section 1170.91 is a remedial statute designed to allow the trial court to ameliorate the effects of a potentially excessive sentence for criminal defendants who may suffer from qualifying mental health conditions or substance abuse as a result of their military service. By amending section 1170.91 to add subdivision (c)—a carve-out provision making certain groups of defendants who were previously eligible for relief categorically ineligible—the Legislature effectively accomplished a partial repeal of the statute. (See *Zipperer*, *supra*, 133 Cal.App.4th at p. 1023 ["The substance of the legislation determines whether

it constitutes a repeal."].)  When a pending matter rests solely on a statutory basis, and no rights have vested under the statute, a repeal or partial repeal of the statutory right or remedy operates prospectively and applies to the pending case.  (*Ibid*.)  Here, Sherman is asserting a purely statutory right to be resentenced, but he has no vested right to resentencing under section 1170.91 because "[u]ntil it is fully enforced, a statutory remedy is merely an 'inchoate, incomplete, and unperfected' right, which is subject to legislative abolition." (*Id*. at p. 1024, internal quotation marks omitted.)  Accordingly, we must apply the current version of section 1170.91 in resolving this appeal, including the carve-out in subdivision (c).

In arguing to the contrary, Sherman relies on the fact that the retroactivity provision of section 1170.91 applies only to subdivision (b), not subdivision (c).  Subdivision (b)(10) states:  "*This subdivision* shall apply retroactively."  (Italics added.)  Sherman contends that because the subdivision (c) carve-out is not part of subdivision (b), it does not fall within this retroactivity provision.  For the reasons we have discussed, however, the partial repeal of a remedial statute does not trigger retroactivity concerns if no rights have vested; the partial repeal then applies prospectively to pending cases as a matter of law.  (*Brenton, supra*, 116 Cal.App.4th at p. 690.)  Sherman's contrary interpretation would defeat the Legislature's purpose by affording relief to defendants the Legislature has now decided should be categorically ineligible—such as Sherman himself.

The legislative history confirms that the Legislature did not intend such a result when it included the retroactivity provision in subdivision (b).[3] As first proposed in Senate Bill No. 1209, the substance of what eventually became subdivision (c) was *part* of subdivision (b)—and was later moved to its own subdivision for reasons having nothing to do with retroactivity. Specifically, an early version of the bill would have added subdivisions (b)(10) and (b)(11) as follows:

> "(10)  This subdivision does not apply to a person who has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290.

> "(11)  This subdivision shall apply retroactively."  (Sen. Bill No. 1209 (2021-2022 Reg. Sess.) as amended March 15, 2022.)

Under this version of the bill, there would have been no doubt that the carve-out applied to pending cases because it was part of subdivision (b).  As explained in a legislative committee report, however, the carve-out was later moved from subdivision (b)(10) to subdivision (c) just to clarify that the carve-out applies to both original sentencing under subdivision (a) and resentencing under subdivision (b).  (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 1209 (2021-2022 Reg. Sess.), April 19, 2022, p. 10 ["The author intends to amend this bill to address a drafting error in the bill.  The amendments ensure that the exclusions for persons who are required to register as a sex offender or who have a prior conviction for a super strike applies [*sic*] to both

---

[3]     On our own motion, we take judicial notice of the legislative history materials cited in this opinion under Evidence Code sections 452, subdivision (c) and 459.  (See *Gananian v. Wagstaffe* (2011) 199 Cal.App.4th 1532, 1541, fn. 9 ["We may take judicial notice of legislative history materials on our own motion."].)

the resentencing provisions as well as new sentences."].) Because the original version of the carve-out made clear that the Legislature intended it to apply to pending cases along with the rest of subdivision (b), and the carve-out was later moved to subdivision (c) for reasons having nothing to do with the retroactivity provision, the legislative history supports our view that the Legislature intended it to apply to pending cases.

The legislative history also suggests that the expansion of the statute to include indeterminate sentences was directly linked to its restriction to exclude super-strike offenses and offenses requiring registration as a sex offender. The legislative committee reports discussed these two changes together, without ever suggesting that the Legislature intended the former to apply retroactively, but not the latter. (See, e.g., Sen. Com. on Public Safety, Rep. on Sen. Bill No. 1209 (2021-2022 Reg. Sess.), April 19, 2022, p. 9; Assem. Com. on Public Safety, Rep. on Sen. Bill No. 1209 (2021-2022 Reg. Sess.), June 14, 2022, p. 6.) The Legislature evidently intended to eliminate the general exclusion for indeterminate sentences and at the same time replace it with a more targeted carve-out for the specified disqualifying offenses. In these circumstances, it would defeat the Legislature's intent to apply the expanded eligibility provision to pending cases, but not the accompanying replacement provision restricting eligibility.

Finally, one purpose of Senate Bill No. 1209 was " 'to ensure equal treatment of all veterans' " by eliminating the provision restricting eligibility for resentencing to those sentenced before January 1, 2015. (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 1209 (2021-2022 Reg. Sess.), June 14, 2022, p. 3.) Sherman's interpretation of the law would undermine this goal because it would result in similarly unequal treatment of veterans and service members who filed petitions before January 1, 2023 versus those who

10

filed later. By Sherman's reasoning, the former group would be able to escape the effect of the carve-out provision, whereas the latter could not.

We therefore conclude that section 1170.91, subdivision (c), applies to pending petitions for resentencing filed before January 1, 2023, including those pending on appeal. Sherman does not dispute that he was convicted of offenses that require registration as a sex offender under section 290, subdivision (c), making him ineligible for resentencing under section 1170.91, subdivision (c). Accordingly, even assuming that the trial court erred by finding Sherman ineligible for relief under the prior version of section 1170.91, Sherman is now categorically ineligible for relief under the version currently in effect.

DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

11